UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VALDONIA RIDDICK,

       Petitioner,

v.                                    Case No.  2:07-cv-499-FtM-33SPC

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER

This matter comes before the Court on consideration of United States Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. # 36), entered on May 9, 2008, recommending that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) be denied.  On May 19, 2008, Petitioner, through counsel, filed his objections to the Report and Recommendation (Doc. # 37).  The government filed its response in opposition to Petitioner's objections on June 6, 2008 (Doc. # 41).  Also before this Court are a number of pro se documents filed by Petitioner in both the civil and the criminal case.[1]  As will be discussed hereafter, Petitioner's pro se request for judicial notice (Criminal Doc. # 180, Doc. # 33), Petitioner's letter containing spurious comments against his current counsel, Ellis Rexwood Curry, Esq. ("Attorney Curry") (Doc. # 39) and

---

[1] All references to the Criminal Docket are to United States v. Valdonia Riddick, Case number 2:06-cr-33-FtM-33SPC.

Petitioner's Notice (Doc. # 42) are stricken from the record and removed from the docket.[2]

For the reasons that follow, the Report and Recommendation of the Magistrate Judge is accepted and adopted, the objections thereto are overruled.

## I.   **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings <u>de novo</u>.  <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993).  However, a district judge must make a <u>de novo</u> determination of those portions of the report and recommendation to which an objection is made.  28 U.S.C. § 636(b)(1)(c).  District judges must "give fresh consideration to those issues to which specific objections have been made by a party." <u>Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990)(internal citations omitted).  The

_____

[2]   Petitioner complains, "Mr. Ellis Rexwood Curry IV, is a pathetic, narcisstic [sic] liar, with the trappings of a 'financial predator,' who should be disbarred, to protect the general public at large.  Better stated, a 'briefcase bandit.'" (Doc. # 39 at 2)(emphasis deleted).  Petitioner's ad hominem assault against Mr. Curry does nothing to advance Petitioner's cause before this Court. Document 39 is hereby stricken from the record.

district judge reviews legal conclusions <u>de novo</u>, even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

## II.  <u>Analysis</u>

### A.  <u>Procedural History</u>

This case was initiated on February 17, 2006, when the government filed its criminal complaint against Petitioner as well as two co-defendants. (Criminal Doc. # 1).  On February 22, 2006, the criminal complaint was superceded by an indictment charging in count one that Petitioner and various co-defendants "did knowingly and willfully combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to import into the United States from places outside thereof, Jamaica, one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(G). All in violation of Title 21, United States Code, Section 963." (Criminal Doc. # 3).  Count two of the superceding indictment charged that Petitioner and various co-defendants "did knowingly and willfully combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to

possess with intent to distribute one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), and 841(b)(2)(A)(vii). All in violation of Tile 21, United States Code, Section 846." (Criminal Doc. # 3). Count three of the superceding indictment charged that Petitioner and various co-defendants "did knowingly and willfully possess, and aid and abet the possession of, with intent to distribute, one thousand (1000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(vii) and Title 18, United States Code, Section 2." (Criminal Doc. # 3).

On March 27, 2008, the government filed its Notice of Penalties, Elements, and Facts (Criminal Doc. # 50) in which it specifically explained that "Counts One, Two, and Three each carry a mandatory minimum sentence of not less than ten (10) years up to Life incarceration, without parole, a fine up to $4,000,000, a period of supervised release of at least five (5) years up to Life, and a special assessment of $100." (Criminal Doc. # 50 at 1). On March 28, 2006, Petitioner entered plea of guilty to all three counts of the superceding indictment, without a written plea agreement, before United States Magistrate Judge Sheri Polster

-4-

Chappell. (Criminal Doc. # 52).  Also on March 28, 2006, Judge Chappell entered a Report and Recommendation Concerning Plea of Guilty (Criminal Doc. # 53) noting, "After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary as to Counts One, Two, & Three (1, 2, & 3), and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of such offense" and recommending that the plea of guilty be accepted. (Criminal Doc. # 53).

The undersigned accepted Petitioner's plea of guilty on April 3, 2006. (Criminal Doc. # 57).  Petitioner was sentenced on August 3, 2006, as to counts one, two, and three as follows: imprisonment for 150 months as to each count, each count to run concurrently, supervised release for sixty (60) months as to each count, each count to run concurrently, and a special assessment of $300. (Criminal Doc. # 110).  Judgment was entered against Petitioner on August 16, 2006, reflecting Petitioner's sentence. (Criminal Doc. # 115).  Petitioner did not file a direct appeal of the judgment.

**B.   Petitioner's Section 2255 Motion**

Petitioner filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1) on July 30, 2007.  Petitioner argues in his Section 2255 Motion that his former counsel, Abe Bailey, Esq. ("Attorney

Bailey") was ineffective due to counsel's failure to file a Notice of Appeal when requested to do so. Petitioner also asserts that Attorney Bailey was ineffective for failing to advise Petitioner of his right to challenge the Court's jurisdiction over him. In addition, Petitioner asserts that Attorney Bailey coerced him into entering a plea of guilty. Further, Petitioner argues that Attorney Bailey was ineffective for failing to negotiate a plea agreement, and for failing to research the legislative history of the sentencing guidelines, which Petitioner contends are unconstitutional. (Doc. # 1). Petitioner requested an evidentiary hearing. (Doc. # 1) The government filed a Response in Opposition to the Section 2255 Motion on October 5, 2007; however, the government stipulated to Petitioner's entitlement to an evidentiary hearing as follows:

> The Petitioner has established a basis for an evidentiary hearing as it relates to the claim that his counsel failed to file a direct appeal as instructed. The record presently before the Court is insufficient to establish the content of the communications between the Petitioner and his counsel. Because of this insufficiency, Riddick is entitled to an evidentiary hearing so that this Court may determine whether his counsel complied with his constitutional duties under Flores-Ortega. If this Court determines Riddick's claim is credible, he will be entitled to an out-of-time direct appeal. If this Court determines Riddick's claims lack credibility, he will not be entitled to any further relief and his petition should be dismissed.

(Doc. # 5 at 8).

C.   <u>**Judge Chappell's Report and Recommendation**</u>

On October 29, 2007, this Court entered an Order referring Petitioner's Section 2255 Motion to Judge Chappell, in accordance with 28 U.S.C. § 636(b), for purposes of holding an evidentiary hearing and proposing a report and recommendation regarding the appropriate disposition of Petitioner's Section 2255 Motion. (Doc. # 9). The October 29, 2007 Order also set the stage for the appointment of counsel for Petitioner by directing the clerk to send Petitioner an Affidavit of Indigency form for the purpose of an appointment of counsel. (Doc. # 9). The Court appointed Attorney Curry to represent Petitioner on December 18, 2007. (Doc. # 15).

On February 5, 2008, Judge Chappell set an evidentiary hearing on Petitioner's Section 2255 Motion to occur on March 11, 2008. (Doc. # 16). Judge Chappell duly ordered the United States Marshals Service to transport Petitioner to the United States Courthouse for the scheduled evidentiary hearing. (Doc. # 17). However, on March 7, 2008, the government moved to continue the hearing due to scheduling conflicts and the unavailability of its primary witness: Attorney Bailey (Doc. # 19). Judge Chappell granted the motion to continue and re-set the evidentiary hearing to take place on April 1, 2008. (Doc. ## 20, 21). On April 1, 2008, the parties convened to conduct the evidentiary hearing; however, the government failed to subpoena Attorney Bailey, and,

therefore, he was not present for the hearing. (Doc. # 22).  In an effort to have all parties and witnesses present for the hearing, Judge Chappell rescheduled the hearing to take place on April 4, 2008. (Doc. ## 22, 27).[3]

A full evidentiary hearing took place before Judge Chappell on April 4, 2008. (Doc. # 29).  On May 9, 2008, Judge Chappell filed her Report and Recommendation recounting the procedural history of this case, summarizing the testimony offered during the evidentiary hearing, evaluating the merits of Petitioner's claims, discussing applicable law, and, finally, recommending that Petitioner's Section 2255 Motion be denied. (Doc. # 29).  Judge Chappell's detailed Report and Recommendation addresses the following specific issues raised by Petitioner's Section 2255 Motion: (1) "Whether the Court had Personal Jurisdiction Over the Petitioner;" (2) "Whether the Petitioner's Attorney was Ineffective Because he did not Negotiate a Plea Deal;" (3) "Whether the Petitioner was Coerced by his Attorney to Accept the Plea;" (4) "Whether the Petitioner had ineffective Counsel Because he did not Challenge the Sentencing Guidelines;" and (5) "Whether Defense

---

[3] Although Attorney Bailey did not appear at the April 1, 2008 hearing, necessitating that the hearing be reset, the Court enumerated the issues to be addressed during the April 4, 2008 hearing and allowed Petitioner to list his concerns on the record. (Doc. # 22).  Further, during the April 1, 2008 hearing, Petitioner moved for an order placing him on bond and moved for judgment in favor of Petitioner on the Section 2255 Motion. (Doc. ## 23, 24). The record reflects that Judge Chappell appropriately denied both motions. (Doc. ## 25, 26).

Counsel Failed to Appeal the Sentence as Directed by the Defendant." (Doc. # 36).

As to the first issue, whether the Court had personal jurisdiction over Petitioner, Judge Chappell correctly explained that, pursuant to 18 U.S.C. § 3231, "district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States." (Doc. # 36 at 12). Further, Judge Chappell appropriately discussed <u>United States v. Rendon</u>, 354 F.3d 1320, 1326 (11th Cir. 2003) and other binding cases governing personal jurisdiction over federally indicted defendants. (Doc. # 36 at 12).

As to the second issue, Petitioner's allegation that Attorney Bailey was ineffective because he did not negotiate a plea deal, Judge Chappell considered the testimony of Attorney Bailey, Special Agent Mangone, and Petitioner, and correctly determined that "Defendant had the opportunity to participate in a plea deal with the [g]overnment, but chose not to cooperate." (Doc. # 36 at 15). Judge Chappell further noted that Attorney Bailey "attempted to secure a plea agreement from the Government but because [Petitioner] failed to fully cooperate, he was left with the option to plead straight up to the Court without a plea agreement or go to trial." (Doc. # 36 at 15). Thus, Judge Chappell found that "Attorney Bailey acted reasonably under the circumstances." (Doc. # 36 at 15).

As to the third issue, whether Petitioner was coerced by Attorney Bailey to enter a guilty plea, Judge Chappell evaluated Petitioner's accusations that he was coerced against his sworn statements to the contrary given during Petitioner's change of plea hearing, and determined that Petitioner's later statements concerning coercion were not credible. (Doc. # 36 at 15-18). In making this determination, Judge Chappell also noted Attorney Bailey's testimony that he did not coerce Petitioner regarding entry of a plea. (Doc. # 36 at 15).

As to the fourth issue, whether Attorney Bailey was ineffective because he did not challenge the Sentencing Guidelines, Judge Chappell correctly noted that "Enabling legislation for the guidelines was presented to and signed by the President, therefore, Courts have found that the guidelines are constitutional." See United States v. Zapata-Alvarez, 911 F.2d 1025, 1026 (5th Cir. 1990). (Doc. # 36 at 18).

As to the fifth issue of whether Attorney Bailey improperly failed to file an appeal of Petitioner's sentence, Judge Chappell determined that Attorney Bailey acted reasonably and that his conduct was consistent with the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), and that "Petitioner told Attorney Bailey not to file an appeal." (Doc. # 36 at 21). Further, in proposing her Report and Recommendation, Judge Chappell determined, "After viewing Petitioner's demeanor in the courtroom,

and after reviewing the numerous contradictions between his sworn testimony during his plea colloquy and his statements during the [evidentiary] hearing, the Court finds that the Petitioner's testimony is simply not credible. In contrast, the testimony of Attorney Bailey was credible." (Doc. # 36 at 21). This Court has independently evaluated and given <u>de novo</u> consideration to Judge Chappell's legal analysis as presented in the report and recommendation.

### D.   **Petitioner's Specific Objections**

Petitioner limits his objection to Judge Chappell's Report and Recommendation as to issue (3) "Whether the Petitioner was Coerced by his Attorney to Accept the Plea;" and issue (5) "Whether Defense Counsel Failed to Appeal the Sentence as Directed by the Defendant."

### 1.   **Was Petitioner's Plea of Guilty the Result of Coercion?**

Petitioner challenges and characterizes as clearly erroneous Judge Chappell's determination that Petitioner's plea of guilty was entered voluntarily and without the coercion of Attorney Bailey.[4]

---

[4] Particularly, Judge Chappell found, "The Petitioner was clearly informed of the counts against him and the consequences of his entering a guilty plea regarding the sentence and subsequent prison time he might receive. Thus, the Petitioner's claim that he was not informed that his guilty plea might result in a long-term incarceration is without merit." (Doc. # 36 at 17). Further, Judge Chappell determined "Petitioner's claim that he was not provided with sufficient information and/or coerced into a guilty

(continued...)

This Court reviews Judge Chappell's legal and factual determinations on this issue _de novo_ in light of Petitioner's objection. Petitioner asserts that the record is conflicted as to whether Attorney Bailey coerced Petitioner to enter a guilty plea. Petitioner posits that Attorney Bailey led him to believe that he faced approximately three years incarceration for counts one, two, and three of the superceding indictment. This Court determines that Petitioner's arguments on this issue are simply unreasonable.

This Court evaluates Petitioner's claim of coercion against the backdrop of Blackledge v. Allison, 431 U.S. 63, 71 (1977) a case in which the Court prominently proclaimed:

> Whatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned. The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial; he gains a speedy disposition of his case, the chance to acknowledge his guilt, and a prompt start in realizing whatever potential there may be for rehabilitation. Judges and prosecutors conserve vital and scarce resources. The public is protected from the risks posed by those charged with criminal offenses who are at large on bail while awaiting completion of criminal proceeding. These advantages can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality. To allow indiscriminate hearings in federal postconviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 . . . would eliminate the chief virtues of the plea system - speed, economy, and finality. And there is reason for concern about that prospect. More often than not a prisoner has

---

[4](...continued)
plea has no merit." (Doc. # 36 at 17-18).

> everything to gain and nothing to lose from filing a
> collateral attack upon his guilty plea.

Blackledge, 431 U.S. at 71.

As asserted by the government in this case, Petitioner was well advised of the fact that the mandatory minimum sentence he would face upon his plea was ten years.  On March 28, 2006, during the Court's plea colloquy with Petitioner pursuant to Rule 11 of the Criminal Rules of Procedure, the Court noted, "Now, Counts 1, 2, and 3 each carry a minimum mandatory sentence of not less than ten years up to life incarceration without parole, a fine of up to $4 million, a period of supervised release of at least five years up to life, and a special assessment of $100.  Do you understand those potential penalties for these charges?" (Criminal Doc. # 105 at 8:2-8).  Petitioner responded, "Yes, your Honor." (Criminal Doc. # 105 at 8:9).  Further, the Court asked Petitioner whether he understood that the sentencing judge could "run those counts consecutive, meaning one after the other" and Petitioner replied "Yes, your Honor." (Doc. # 105 at 8:10-14).  The Court continued, "if [Attorney Bailey] has given you predictions as to where he believes you might fall on your case on the guidelines, and he is not correct, do you understand you're not going to be able to withdraw your plea?" (Doc. # 105 at 10:4-7).  Petitioner responded, "Understood, your Honor." (Doc. # 105 at 10:8).  The Court asked Petitioner, "Do you understand the possible penalties which apply if you enter a plea of guilty to these charges, Mr. Riddick?" (Doc.

-13-

# 105 at 12:12-14).  Petitioner responded, "Yes, your Honor." (Doc.
# 105 at 12:20).  In addition, the Court asked Petitioner if anyone
had promised him anything in return for his plea or if anyone had
coerced him into pleading guilty. (Doc. # 105 at 6:3-5).  In
response, Petitioner answered, "No, your Honor." (Doc. # 105 at
6:6).

   As stated in <u>United States v. Billings</u>, "There is a strong
presumption that statements made during the Rule 11 plea colloquy
are  true."  <u>See</u>  <u>also</u>  <u>Blackledge</u>,  431  U.S.  at  74  ("the
representations of the defendant . . . as well as any findings made
by the judge in accepting the plea, constitute a formidable barrier
in any subsequent collateral proceedings.  Solemn declarations in
open court carry a strong presumption of verity").  In this case,
Petitioner  was  advised  of  the  mandatory  minimum  sentence,  and
Petitioner  denied  that  he  was  coerced  to  enter  a  plea  of  guilty.
His  assertion  that  he  believed  that  he  would  receive  a
substantially  lesser  sentence  is  unreasonable  and  unavailing.
Judge Chappell found Petitioner's claims on this point to be  less
than  credible,  and this Court finds no reason to depart from her
findings.

   Furthermore, Attorney Bailey testified that after Petitioner
listened to audiotapes and watched a videotape provided by the
government in discovery, depicting Petitioner engaged in criminal
activities,  Petitioner  indicated  to  Attorney  Bailey,  "Look,  we

don't want to go to trial in this case.  I —you know, we want to plead.  I want to get this case resolved.  We don't want to go to trial." (Doc. # 32 at 8:9-19).   Attorney Bailey surmised that Petitioner wanted to enter a guilty plea "because the videotape was so conclusive and he wanted to resolve his case." (Doc. # 32 at 8:20-21).   Judge Chappell determined that Attorney Bailey's testimony was credible.

It is well established that a district court will not disturb a magistrate judge's credibility determination unless the transcript of an evidentiary hearing provides an articulable basis for the reversal.  In <u>United States v. Raddatz</u>, 447 U.S. 667 (1980), the Supreme Court held that a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility finding.   <u>Id.</u> at 675-76.   The Court also stated, "we assume it is unlikely that a district court would reject a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal, to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions which we do not reach." <u>Id.</u> at 681 n. 7. Courts have carved a narrow exception to this general rule, the "rare case" where "there . . . [is] found in the transcript an articulable basis for rejecting the magistrate's original resolution of credibility and that basis . . . [is] articulated by the district

judge." <u>United States v. Marshall</u>, 609 F.2d 152, 155 (5th Cir. 1980).    No basis for rejecting Judge Chappell's credibility determinations exists in this case.  Accordingly, and for the foregoing reasons, Petitioner's objections to Judge Chappell's Report and Recommendation concerning the voluntary nature of Petitioner's plea are overruled.

### 2.  Did Petitioner Ask Attorney Bailey to File an Appeal?

Petitioner asserts that Attorney Bailey rendered ineffective assistance, inter alia, because he failed to file an appeal of Petitioner's sentence despite being instructed to do so. Petitioner's testimony regarding his instruction differs from Attorney Bailey's testimony on this issue.  After hearing from both sides, Judge Chappell found Attorney Bailey's testimony to be more credible than Petitioner's testimony.  As noted above, this Court will not depart from Judge Chappell's credibility determinations; however, this Court reviews Judge Chappell's legal and factual determinations on this issue <u>de novo</u> due to Petitioner's specific objection.

The Supreme Court established a two-part test for determining whether a convicted person is entitled to post-conviction relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" and (2) whether the

deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-688 (1984).   The Strickland standard applies where the issue is whether counsel was constitutionally ineffective for failing to file a notice of appeal.   Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

The law is clear that an attorney is ineffective if he or she disregards specific instructions to file a notice of appeal, even if an appeal would have no meritorious issues. Flores-Ortega, 528 U.S. at 477.   Thus, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484.

Judge Chappell succinctly summarized the conflicting testimony of Attorney Bailey and Petitioner on this issue:

> Attorney Bailey discussed with Riddick that if [the sentencing judge] went between the sentencing guidelines, there were no grounds for appeal, but if she went above the sentencing guidelines, he could appeal. [Doc. # 32 at 13:10-19].   Since the sentencing was within the guidelines range, there were no grounds for appeal. [Doc. # 32 at 13:19-22].   Attorney Bailey testified that the Petitioner instructed him not to file an appeal, after he witnessed another sentencing, just prior to his own sentencing and said, "I don't want to appeal." [Doc. # 32 at 29:8-12].
> The Petitioner stated that he requested Attorney Bailey to file his appeal. The Petitioner believes that he spoke with Attorney Bailey four or five days after the

> sentencing [Doc. # 32 at 56:3-9].   In fact, the
> Petitioner called Attorney Bailey and inquired why he had
> not appealed his sentence. [Doc. # 32 at 15:7-8].
> Attorney Bailey does not contest the phone call, but
> asserts that the phone call came the day after the time
> for the Petitioner to file his appeal had expired. [Doc.
> # 32 at 15:8-10].   In support of the Petitioner's
> position, he filed a copy of a letter purportedly written
> on August 9, 2006, requesting that Attorney file an
> appeal (Petitioner's Exhibit 1).    Attorney Bailey
> testified on cross examination he did not recall ever
> seeing the letter. [Doc. # 32 at 15:4-7].

(Doc. # 36 at 19).

Pursuant to Rule 4(b)(1) of the Federal Rules of Appellate Procedure, "a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; (ii) or the filing of the government's notice of appeal." Fed.R.App.Pro. 4(b)(1). In this case, the record reflects that Petitioner contacted Attorney Bailey to ask that an appeal be filed only after Petitioner's ten-day window to file an appeal elapsed.   In communications with Attorney Bailey prior to the late phone call, Petitioner informed Attorney Bailey that he did not want to file an appeal.

In order to prevail on a Section 2255 Motion due to counsel's failure to file an appeal when instructed to file an appeal, a prisoner must "demonstrate that, but for counsel's unreasonable failure to consult with [Petitioner] about an appeal, there is a reasonable probability [Petitioner] would have <u>timely</u> appealed." <u>King v. United States</u>, 250 Fed. App'x 930, 933 (11th Cir. 2007), citing <u>Roe</u>, 528 U.S. at 484 (emphasis added).   In <u>King</u>, the

-18-

petitioner filed a pro se Section 2255 motion to vacate, set aside, or correct his sentence for drug trafficking pursuant to a guilty plea, alleging that he instructed his trial counsel to file an appeal, and that his attorney failed to do so. King, 250 Fed. App'x at 931.   The district court denied King's Section 2255 motion without holding an evidentiary hearing.   Id.   The Eleventh Circuit reversed, and instructed the district court as follows:

> The record below is insufficient . . . . Petitioner mentioned only briefly in his reply brief to the district court and his pleadings to this court that he asked his attorney to appeal and that the attorney failed to do so. The record contains no information as to the content of petitioner's instructions to counsel regarding an appeal, counsel's reply, the timeliness of the alleged request to appeal, or the existence of any other consultation between petitioner and his counsel on the value of an appeal.   The district court erred in not holding an evidentiary hearing to establish the content of the communications, if any, between petitioner and his attorney regarding a possible appeal.

Id. at 933. (Emphasis added).

Unlike King and the collective body of Eleventh Circuit opinions addressing failure by the district court to delve into a petitioner's Section 2255 claims regarding failure to file an appeal by counsel, this Court in this case held an evidentiary hearing to address the factual issues regarding Petitioner's claims.   The evidence in this case shows that Petitioner requested an appeal only after the ten day time limit for filing an appeal elapsed.   This untimely request for an appeal does not warrant granting Petitioner's Section 2255 Motion.   Accordingly,

Petitioner's objections to Judge Chappell's Report and Recommendation on this issue are overruled.

### III. **Motion for Judicial Notice**

On April 3, 2008, Petitioner filed his "Informative Motion, Pursuant to [Federal Rule of Evidence] 201 et seq. Seeking that Mandatory Judicial Notice be Taken by This Court" (Criminal Doc. # 180, Doc. # 33). Petitioner was represented by Attorney Curry at the time the motion for judicial notice was filed, and accordingly, such motion was filed in violation of Local Rule 2.03(d), M.D. Fla., which states in pertinent part, "Any party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court." As Defendant is represented by competent counsel, it is neither necessary nor appropriate for Defendant to file pro se motions with this Court. This Court strikes from the record Defendant's pro se motion, nevertheless, this Court will provide a brief explanation of why the pro se motion would necessarily be denied if considered on the merits.

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts, and states in pertinent part, "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot

-20-

reasonably be questioned." Judicial notice is mandatory "if requested by a party and supplied with the necessary information." The Eleventh Circuit, in <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994), explained the rule as follows:

> In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, <u>Federal Practice and Procedure: Evidence</u> § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. <u>Id</u>. . . . . Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury. <u>Id</u>. at 485.

(Internal citations omitted).

In this case, the "facts" which Petitioner requests this Court judicially notice are not facts, but, rather , constitute a dossier of Petitioner's grievances and complaints concerning his representation and his Section 2255 evidentiary proceedings before Judge Chappell. As such, the items enumerated in the pro se motion are not proper items for judicial notice. Emblematic of Petitioner's improper requests, Petitioner asks the Court to take judicial notice that "Mr. Abe Bailey, was permitted to lie blatantly, on the witness stand, to attempt to cover his malfeascense [sic], Fraud-In-The Inducement, Common Fraud, and Civil Conspiracy, to deny me my Guarantee of Effective Assistance of Counsel. I was then subsequently denied the right to confront/

-21-

and or effectively rebutt [sic] his direct lie, the I 'Confessed', and or 'confided' that I did this 'two times' prior-which is a blatant lie." (Criminal Doc. # 180, Doc. # 33 at 1-2).

The subjects noted in the request for judicial notice are simply improper for judicial notice, and, furthermore, Petitioner has not supplied the Court with the "necessary information" for consideration of the motion even if it were proper.  The pro se motion is stricken and unworthy of further note.

In addition, on June 23, 2008, Petitioner filed an additional Notice (Doc. # 42) reasserting a number of the same issues raised in his stricken motion for judicial notice and adding the request that Judge Chappell's report and recommendation be stricken. Petitioner asserts that Judge Chappell, a United States Magistrate Judge, lacks the authority to hold an evidentiary hearing on a Section 2255 Motion and lacks the authority to enter a report and recommendation to this Court pursuant to the evidentiary hearing. (Doc. # 42).   Petitioner is incorrect.   Rule 8(b) of the Rules Governing Section 2255 Proceedings, provides:

> Reference to a magistrate judge: A judge may, under 28 U.S.C. § 636(b), refer the motion to the magistrate judge to conduct hearings and to propose findings of fact and recommendations for disposition.  When they are filed, the clerk must promptly serve copies of the proposed findings and recommendations on all parties.  Within ten days after being served, a party may file objections as provided by local court rule.  The judge must determine de novo any proposed finding or recommendation to which objection is made.   The judge may accept, reject, or modify any proposed finding or recommendation.

As with Petitioner's other pro se filings, the instant "Notice" (Doc. # 42) is stricken from the record pursuant to Local Rule 2.03(d), M.D. Fla.  The Clerk is directed to remove the filing from the record.

## IV.  <u>Conclusion</u>

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving <u>de</u> <u>novo</u> review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge, and the recommendation of the Magistrate Judge regarding the motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  United States Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. # 36) is **ACCEPTED** and **ADOPTED.**

(2)  Petitioner's Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1) is **DENIED.**

(3)  Petitioner's pro se motion for judicial notice (Criminal Doc. # 180, Doc. # 33), Petitioner's letter (Doc. # 39), and Petitioner's "Notice" (Doc. # 42) are **STRICKEN.** The Clerk is directed to remove the stricken documents from the record.

(4)   The Clerk is directed to terminate any pending motions or deadlines, to close the case, and to enter judgment accordingly in case 2:07-cv-499-FtM-33SPC.

(5)   The Clerk is directed to file this Order in the corresponding criminal case of United States v. Valdonia Riddick, 2:06-cr-33-FtM-33SPC.

**DONE** and **ORDERED** in Ft. Myers, Florida, this <u>25th</u> day of June 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA

-24-