UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VALDONIA RIDDICK,

    Petitioner,

v.                         Case No. 2:07-cv-499-FtM-33SPC

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This matter comes before the Court pursuant to Petitioner's Motion for a Certificate of Appealability (Doc. # 57), which was filed on April 6, 2009. The Eleventh Circuit forwarded Petitioner's motion to this Court for a ruling on the motion. (Doc. # 57-2). For the reasons that follow, the motion is denied.

**Discussion**

On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q). As a result, this Court should grant an application for a certificate of appealability only if the Petitioner makes a substantial showing of the denial of a constitutional right. To make this substantial showing, Petitioner "must demonstrate that the issues are debatable among jurists of reason" or "that a court could

resolve the issues [differently]." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citation omitted). In addition, Petitioner could show "the questions areadequate to deserve encouragement to proceed further." Id. Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 531 U.S. 966 (2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 532 U.S. 1009 (2001).

Here, Petitioner's claims, as asserted in his motion filed pursuant to 28 U.S.C. § 2255, were denied on the merits, rather than on procedural grounds, and Petitioner has failed to make the requisite showing for a certificate of appealability. Furthermore, in the instance that Petitioner

seeks a certificate of appealability concerning the February 13, 2009, order denying the appointment of counsel on appeal (Doc. # 55), the Court finds that Petitioner has not established the requisite showing to warrant the issuance of a certificate of appealability.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Application for Certificate of Appealability (Doc. # 57) is **DENIED.**

**DONE** and **ORDERED** in Ft. Myers, Florida, this <u>6th</u> day of May, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Petitioner

AUSA

USCA