UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VALDONIA RIDDICK,

    Petitioner,
v.                              Case No. 2:07-cv-499-FtM-33SPC
                                  Case No. 2:06-cr-33-FtM-33SPC

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This matter is before the Court pursuant to Petitioner's Motion Under Fed. R. Civ. Pro. 60(b)(4) & (6) for Relief and to Vacate Judgment (Doc. # 61), filed on September 11, 2009, which this Court construes as a successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

For the reasons that follow, this Court denies Petitioner's motion.

**A.   Background**

This case was initiated on February 17, 2006, when the government filed its criminal complaint against Petitioner as well as two co-defendants. (Criminal Doc. # 1). On February 22, 2006, the criminal complaint was superceded by an indictment charging in count one that Petitioner and various co-defendants "did knowingly and willfully combine, conspire, confederate and agree with each other and others, both known

and unknown to the Grand Jury, to import into the United States from places outside thereof, Jamaica, one thousand (1,000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(G). All in violation of Title 21, United States Code, Section 963." (Criminal Doc. # 3).

Count two of the superceding indictment charged that Petitioner and various co-defendants "did knowingly and willfully combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to possess with intent to distribute one thousand (1,000) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), and 841(b)(2)(A)(vii). All in violation of Tile 21, United States Code, Section 846." (Criminal Doc. # 3).

Count three of the superceding indictment charged that Petitioner and various co-defendants "did knowingly and willfully possess, and aid and abet the possession of, with intent to distribute, one thousand (1,000) kilograms or more

of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A)(vii) and Title 18, United States Code, Section 2." (Criminal Doc. # 3).

On March 27, 2008, the government filed its Notice of Penalties, Elements, and Facts (Criminal Doc. # 50) in which it specifically explained that "Counts One, Two, and Three each carry a mandatory minimum sentence of not less than ten (10) years up to Life incarceration, without parole, a fine up to $4,000,000, a period of supervised release of at least five (5) years up to Life, and a special assessment of $100." (Criminal Doc. # 50 at 1).

On March 28, 2006, Petitioner entered plea of guilty to all three counts of the superceding indictment, without a written plea agreement, before United States Magistrate Judge Sheri Polster Chappell. (Criminal Doc. # 52). Also on March 28, 2006, Judge Chappell entered a Report and Recommendation Concerning Plea of Guilty (Criminal Doc. # 53) noting, "After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary as to Counts One, Two, & Three (1, 2, & 3), and that the offenses charged

are supported by an independent basis in fact containing each of the essential elements of such offense" and recommending that the plea of guilty be accepted. (Criminal Doc. # 53).

The undersigned District Judge accepted Petitioner's plea of guilty on April 3, 2006. (Criminal Doc. # 57).  Petitioner was sentenced on August 3, 2006, as to counts one, two, and three as follows: imprisonment for 150 months as to each count, each count to run concurrently, supervised release for sixty (60) months as to each count, each count to run concurrently, and a special assessment of $300. (Criminal Doc. # 110).  Judgment was entered against Petitioner on August 16, 2006, reflecting Petitioner's sentence. (Criminal Doc. # 115). Petitioner did not file a direct appeal of the judgment.

**B.** **Petitioner's Initial Section 2255 Motion**

Petitioner filed his initial Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1) on July 30, 2007.  In his initial 2255 Motion, Petitioner argued that his former counsel, Abe Bailey, Esq. was ineffective due to counsel's (1) failure to file a Notice of Appeal when requested to do so; (2) failure to advise Petitioner of his right to challenge the Court's jurisdiction over him; (3) acts coercion concerning Petitioner's guilty plea; (4) failure to negotiate a plea

-4-

agreement; and (5) failure to research the legislative history of the sentencing guidelines, which Petitioner contends are unconstitutional. (Doc. # 1). Petitioner requested an evidentiary hearing, and the Court held an evidentiary hearing on his initial 2255 Motion on April 4, 2009. (Doc. # 29).

The Court denied Petitioner's initial 2255 Motion on June 25, 2008, in a lengthy and comprehensive order addressing all grounds raised in the initial 2255 Motion. (Doc. # 43). Judgment in favor of the United States was issued on June 27, 2008. (Doc. # 44). Petitioner filed an appeal on April 4, 2009 (Doc. # 56), which the Eleventh Circuit dismissed as untimely. (Doc. # 60).

## C. **Petitioner's Successive § 2255 Motion**

Petitioner requests that this Court revisit its decision denying Petitioner's initial Section 2255 motion. Petitioner makes his request pursuant to Fed. R. Civ. P. 60(b)(4),(6). However, the provisions of Rule 60 of the Federal Rules of Civil Procedure, which may grant relief from the application of a judgment or Court order, do not apply under the circumstances of this case.

As explained by the Eleventh Circuit, this Court does not have jurisdiction to consider Petitioner's motion:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that before a second or successive motion [pursuant to 28 U.S.C. § 2255] is filed, the petitioner must obtain an order from the court of appeals authorizing the district court to consider it. Without authorization, the district court lacks jurisdiction to consider a second or successive petition.

United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). See also Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)("the AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief."); Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996)(Rule 60(b) cannot be used to circumvent restraints on successive-habeas petitions); Mobley v. Head, 306 F.3d 1096 (11th Cir. 2002)(Felker established a "bright line rule" that the successive-petition restrictions of § 2244(b) apply to all Rule 60(b) motions filed by habeas petitioners).

Thus, because Petitioner has not been authorized by the court of appeals to bring a second 2255 motion for this Court's consideration, this Court denies the successive 2255 Motion (Doc. # 61). See 28 U.S.C. § 2244(b)(3)(A).

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion

to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Petitioner's Successive Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 61) is **DENIED.**

(2) This Court declines to issue a certificate of appealability and Petitioner is not entitled to appeal in forma pauperis.

(3) The Clerk is directed to file this Order in this case and the corresponding criminal case of 2:06-cr-33-FtM-33SPC. The Clerk is directed to enter judgment accordingly and to close the case.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>2nd</u> day of October 2009.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Petitioner
AUSA